UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| NAOMI LYNN SHEAFFER, | ) | No. ED CV 13-00724-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

          considered the treating physician's opinion regarding Plaintiff's ability to work.

(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

I

**THE ALJ PROPERLY CONSIDERED OPINION OF TREATING PHYSICIAN DR. HUDSON**

    Following a hearing before the ALJ, an unfavorable Decision was issued on March 19, 2012. (AR 18-29.)  The ALJ determined that Plaintiff's residual functional capacity ("RFC") restricted her from contact with the public; limited her to performing simple repetitive tasks; and limited her to having frequent contact with coworkers and supervisors. (AR 23.)

    In evaluating the evidence and determining Plaintiff's RFC, the ALJ considered evidence in the record including the opinion of Plaintiff's treating psychiatrist, Dr. Hudson. (AR 26, 359.)  It is Plaintiff's position that the ALJ improperly and inadequately rejected Dr. Hudson's opinion, contained in a letter to the Department of Social Services dated February 24, 2012. (AR 359.)  That letter indicated that Dr. Hudson has been Plaintiff's treating psychiatrist since June 12, 2006. It contains a diagnosis and a recitation of the psychotropic drugs which Plaintiff was taking as of the time of the letter.  In part, Dr. Hudson's letter indicates that Plaintiff has been compliant with all treatment in the clinic, but has been hospitalized four times since 2005 for "exacerbation of psychiatric

2

symptoms, ..." Dr. Hudson assessed that Plaintiff's dysfunction includes severely limited concentration and attention and that she becomes easily agitated, has a limited ability to handle even the most mild everyday stressors, has poor social interactions, is socially withdrawn with poor capacity to interact appropriately with family, friends, and the general public. (Id.) Dr. Hudson thus concludes that Plaintiff's chronic condition prevents her from performing any type of work and also severely affects her ability to perform daily functions due to her poor concentration, poor memory, mood swings, agitation, depressed mood, racing thought, paranoia, and irritability. (Id.)

The ALJ considered and determined to give little weight to this opinion because it was found to be "brief, conclusory, and inadequately supported by clinical findings." (AR 26.) The ALJ also found that Dr. Hudson had provided opinions reserved to the Commissioner as to disability; and that Dr. Hudson's letter was primarily based upon Plaintiff's subjective complaints "but did not provide medically acceptable clinical or diagnostic findings to support the functional assessment." (Id.) The ALJ found that Dr. Hudson's opinion is "inconsistent with the treatment records that show the claimant's mental state was stabilized with adherence to medications." (Id., citing Exhibit C14F at 8-14.) The ALJ also indicated that Dr. Hudson's opinion was contradicted by benign findings from mental status examinations.

The ALJ noted that the RFC as determined comports with the opinions of various psychological practitioners which found that when Plaintiff is compliant with her psychotropic medications, she has minimal psychiatric symptoms. (AR 26.)

While the opinion of a treating physician is generally accorded

the most weight, an ALJ is free to depreciate or even ignore it based on evidence in the record. As one reason, an ALJ may reject an opinion if it is brief, conclusory, and inadequately supported by clinical evidence. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Here, although Dr. Hudson indicates that she has been Plaintiff's treating psychiatrist for a substantial period of time, nevertheless, the opinion she rendered in her short letter is in fact brief and conclusory, and cites no clinical evidence.

The ALJ went beyond this factor as a basis to reject Dr. Hudson's opinion. In detail, she pointed out that the medical records indicate that Plaintiff's psychiatric symptoms were controlled when she was compliant with her medication treatment and that she did not exhibit significant mental impairment while properly treating. (AR 25-27.) The records cited by the ALJ in fact corroborate this conclusion. (See AR at 325-332.) Plaintiff's own subjective reporting during these office visits indicates that she in fact did not display symptoms of mental impairment from a bipolar disorder when she was compliant with her medications. These reports of improvement and stable functioning span a calendar period from March 2010 through September 2011, a period of approximately 18 months. Moreover, the ALJ noted that Plaintiff admitted to Dr. Hudson that in October 2010 she had been noncompliant with her medication. (AR 25, 273.) This fact squarely detracts from the credibility of Dr. Hudson's statement in her February 24, 2012 letter to the Department of Social Services that Plaintiff has been compliant with all treatment in the clinic.

Some of the hospitalizations were correlated with Plaintiff going off her medications, and upon discharge from these hospitalizations, when Plaintiff was medicated, her psychiatric symptoms had dissipated.

4

(AR 277, 340, 347, 353.)

With regard to her activities of daily living ("ADL"), while Plaintiff contends in this litigation that these are not relevant as transferable to work functions, nevertheless, because of the limited RFC which provided that Plaintiff would only be capable of performing simple repetitive tasks and having no contact with the public, the ALJ's consideration of Plaintiff's ADLs, and her conclusion that they are inconsistent with an inability to perform work within Plaintiff's RFC, are proper considerations.

The ALJ was justified in giving weight to the opinions of four State Agency reviewing psychiatrists who reviewed the evidence and opined that Plaintiff could perform non-public, non-detailed unskilled work. (AR 26, 170-180, 181-183, 184-185, 186-187, 283-286, 287-300, 301-302.)

For the foregoing reasons, the Court concludes that the ALJ did not improperly reject or depreciate Dr. Hudson's opinion, and did provide specific and legitimate reasons in the Decision to support the evaluation.  Thus, the Court does not find merit in Plaintiff's sole issue.

The final decision of the Commissioner will be affirmed, and this matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: January 9, 2014                    /s/
                                          VICTOR B. KENTON
                                          UNITED STATES MAGISTRATE JUDGE